# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARLOS MIRANDA,

    Plaintiff,

v.                                             Case No. 19-C-582

MILWAUKEE COUNTY JAIL FACILITY,

    Defendant.

## ORDER

    Plaintiff Carlos Miranda, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that defendant Milwaukee County Jail violated his constitutional rights. He also filed a motion to proceed without prepaying the filing fee. The Prison Litigation Reform Act (PLRA) applies to this case because Miranda was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints filed by prisoners to confirm that the complaint is not legally "frivolous or malicious" and that it states a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). This case was originally assigned to Magistrate Judge William Duffin; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to Chief Judge William Griesbach for entry of this order.

**MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE**

    Miranda has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Miranda filed a certified copy of his

prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and he paid an initial partial filing fee of $27.23. Accordingly, Miranda's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

Under the PLRA, a court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ALLEGATIONS IN THE COMPLAINT

Miranda alleges that, on January 6, 2019, while housed at the Milwaukee County Jail, he sought to mail a letter, a ring that he had made, and two pieces of candy to his wife in sealed envelope. According to Miranda, before the envelope was mailed, someone opened the envelope and removed its contents. Miranda asserts that the letter and the candy were put back into the envelope, but the ring was not.

Miranda states that, about two weeks later, on January 19, 2019, his wife told him that she had received the letter and the candy, but not the ring. Miranda asserts that he filed a grievance, which was signed by Officer Perez-Gerena. A couple of months later, on March 21, 2019, Miranda received the following response: "Lt. Montana stated that there was no property taken from any mail." ECF No. 1 at 3.

## THE COURT'S ANALYSIS

The court will not allow Miranda to proceed with this case. First, Miranda cannot sue the Milwaukee County Jail under § 1983, which allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. State law determines whether an entity has the capacity to be sued. *Webb v. Franklin County Jail,* Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department, which is an arm of the county. *See Abraham v. Piechowski,* 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that the jail is not a "legal entity separable from the county government which it serves . . . ." *Whiting v. Marathon C'nty Sheriff's Department,* 382 F.3d 700, 704 (7th Cir. 2004). Because the Milwaukee County Jail does not have the legal capacity to be sued, Miranda cannot pursue claims against it.

In a § 1983 case, a plaintiff may sue only those individuals who were personally involved in the alleged constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). The court will not allow Miranda to amend his complaint to name the allegedly responsible individuals because, even if he had named the proper defendants, he would fail to state a claim upon which relief could be granted.

To the extent Miranda complains that jail staff opened his sealed outgoing mail, the Seventh Circuit has repeatedly held "that searches of prisoners' outgoing mail is permissible for security purposes, such as searching for contraband, escape plans, and the like." *Beese v. Liebe*, 51 F. App'x 979, 982 (7th Cir. 2002) (citing *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986)). Accordingly, Miranda would fail to state a claim on those allegations.

To the extent Miranda complains that jail staff took the ring he made, the Seventh Circuit has explained that a plaintiff cannot state a due process claim based on "random, unauthorized acts by state employees" if the state provides a "meaningful post-deprivation remedy." *Leavell v. Illinois Dep't of Nat. Res.*, 600 F.3d 798, 804-05 (7th Cir. 2010). Miranda does not allege (nor can the court reasonably infer) that the ring was confiscated pursuant to a jail policy. If that had been the case, the jail would have notified him in response to his grievance of the reason why the ring was confiscated. Instead, jail staff denied that any property had been taken from Miranda's mail. The only reasonable inference to draw from the jail's denial is that someone stole the ring, which is a random, unauthorized act.

Further, Miranda has adequate post-deprivation remedies available to him. In addition to the prison grievance procedure, Miranda may file a lawsuit in state court. "Wisconsin affords procedures that can address random, unauthorized deprivations of property by state officers and

4

officials. It provides tort remedies for those whose property has been converted or damaged by another." *Johnson v. Wallich*, 578 F. App'x 601, 602-03 (7th Cir. 2014) (citing Wis. Stat. §§ 893.35, 893.51, 893.52). Accordingly, because Miranda's allegations do not suggest that jail staff confiscated the ring pursuant to an established procedure or that Wisconsin's post-deprivation remedies are inadequate to address his injury, Miranda would fail to state a due process claim even if he had named the correct defendants.

**THEREFORE, IT IS ORDERED** that Miranda's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim.**

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Miranda shall collect from his institution trust account the $322.77 balance of the filing fee by collecting monthly payments from Miranda's prison trust account in an amount equal to 20% of the preceding month's income credited to Miranda's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Miranda is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with Miranda's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

5

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Miranda is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Signed in Green Bay, Wisconsin, this 4th day of June, 2019.

/s/  William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.